THE EXECUTORS OF ASA WHITEHEAD, deceased, who was the executor of Abigail Moore, deceased, *vs.* THOMAS J. STRYKER.

Under a declaration of trust: "1. To pay to A. M., or to her order, such dividends as may be declared by said bank during her natural life. 2. At her decease, to pay the same to S. V., or to her order. 3. After the decease of said S. V., then to transfer the said stock to A. M. V., for her sole use and benefit," *held*, that the interest of A. M. V. vested at the creation of the trust.

*Mr. W. S. Whitehead,* for the executors.

This bill is filed for a construction of the trust.

Asa Whitehead was sole executor of Abigail Moore, deceased. The complainants are executors of Asa Whitehead, deceased. Abigail Moore, by her will, gave the residue of her estate, to certain persons in the will named.

On the 26th of March, 1864, Abigail Moore transferred to

Thomas J. Stryker, the defendant, eleven shares of the capital stock of the Trenton Banking Company, in trust to pay—

1. To Abigail Moore, dividends during her natural life.

2. To Sarah Vandegrift, dividends at decease of A. M.

3. After the decease of Sarah Vandegrift, then to transfer the said stock to Anna Maria Vandegrift, for her sole use and benefit.

*Anna Maria Vandegrift* died during the lifetime of *Sarah Vandegrift.*

The question in the case is, *whether* the trust fund vested in Anna Maria Vandegrift, and belongs to her personal representatives, or *whether* it returned to the estate of Abigail Moore, and is to be administered by her executor, as portion of her residuary estate.

Parol cotemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument. 1 *Greenl. on Ev.,* § 275.

There is no material difference of principle, in the rules of interpretation, between wills and contracts. 1 *Greenl. on Ev.,* § 287 ; *Jones' Ex'rs* v. *Jones,* 2 *Beas.* 236.

The rules of law as to vested and lapsed legacies, applicable to this case :

1. Where there is no gift but by a direction to pay, or to divide and pay, at a future time, or on a given event, or to transfer " from and after " a given event, the *vesting* will be postponed till after that time has arrived, or event happened. 2 *Williams on Ex'rs* 1058, and cases there cited.

2. " Where the interest only, or income, is given to a person for life, and at the decease of the first taker, or the end of the period, the *capital* is bequeathed to another, and where it appears from the contract, that no interest in the *capital* was intended to pass till the determination of the life estate," vesting is postponed until the happening of the event. 2 *Williams on Ex'rs* 1066; *Billingsley* v. *Wills,* there cited ; *Gifford* v. *Thorn,* 1 *Stoekt.* 702; *Patterson* v. *Ellis,* 11 *Wend.* 259; *Andrews* v. *Bible Society,* 4 *Sandf. S. C. R.* 156.

THE CHANCELLOR. On the 26th of March, 1844, the testatrix transferred to Thomas J. Stryker, the defendant, eleven shares of the capital stock of the Trenton Banking Company. The defendant thereupon executed the following declaration of trust:

" I, Thomas J. Stryker, have had this day assigned to me by Mrs. Abigail Moore, eleven shares of the capital stock of the Trenton Banking Company, to be held in trust, for the purposes following, viz.

*First.* To pay to the said Abigail Moore, or to her order, such dividends as may be declared by said bank during her natural life. *Secondly,* and at her decease, to pay the same to Sarah Vandegrift, of Trenton, or to her order. *Thirdly,* and after the decease of said Sarah Vandegrift, then to transfer the said stock to Anna Maria Vandegrift, for her sole use and benefit." (Signed) " Thomas J. Stryker."

Anna Maria Vandegrift, died in the lifetime of Sarah Vandegrift.

The bill claims, that by reason of the death of Anna Maria Vandegrift in the lifetime of Sarah Vandegrift, the trusts failed in part, and that there was a resulting trust for the estate of the donor.

It appears by the defendant's answer, and by the evidence in the cause, that Sarah Vandegrift, named in the declaration of trust, was a niece of the deceased husband of the donor; that she had received a large sum of money on account of a pension due her late husband for his services during the war of the Revolution; and that she was desirous of securing a part of that amount to the family of her late husband, and for that purpose assigned the stock, in trust, for the benefit of the said Sarah Vandegrift, and her daughter, Anna Maria; and that it was the intention of the donor that the beneficial interest in said stock, should be vested absolutely in the *cestuis que trust,* in the manner specified in the declaration of trust. The evidence, so far as it relates to the intention of the grantor, is clearly incompetent. The intention must be derived from the language of the instrument itself. It

is competent, however, by parol, to show the relation of the *cestuis que trust* to the donor, and to each other, and the circumstances under which the trust was created.

The real question raised by the answer is, whether by the death of Anna Maria Vandegrift, before her mother, the trust, as to her, lapsed, or whether her interest was vested at the creation of the trust. As applied to the construction of wills, the rule is settled, that where an absolute property in a fund is bequeathed in fractional interests, in succession, at periods which must arrive, the interests of the first and subsequent takers will vest together. 1 *Roper on Leg.* 584. Thus if a fund is bequeathed in trust for A for life, and then over to her daughter, the entire interest of the fund will be vested in the legatee. The gift to the daughter is postponed to let in the mother's interest, and for her benefit. In such case the future gift is vested. *Packham* v. *Gregory,* 4 *Hare* 398 ; 1 *Roper on Leg.* 587.

Irrespective of the parol evidence, looking solely to the terms of the instrument, I think it clear that the interest of the daughter was vested at the creation of the trust. There was an appropriation of the stock for the benefit of the mother and daughter. There was a conveyance of the entire interest of the donor. No condition or qualification is expressed in the gift, or in the creation of the trust. No contingency is expressed upon which the gift should be defeated, nor any contingency alluded to, indicating an intention to reserve any reversionary interest in the grantor, nor is there any disposition of such reversionary estate. It is simply an absolute gift of the whole subject matter in fractional interests, in succession, at periods which must arrive. The enjoyment of the daughter's interest was postponed, obviously, for the benefit of the mother during her life. The case falls directly within the rule recognized by the Supreme Court and Court of Appeals of this state, in the case of *Howell's Ex'r* v. *Green's Adm'r,* 2 *Vroom* 570.

The bill should be dismissed without costs.